# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————

| | ) |
| --- | --- |
| **RASHAD BEY, also known as Anthony Guess,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **KEVIN TUFTS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**Civil Action No. 24-10257-DJC**

———————————————————————

## <u>ORDER</u>

**CASPER, J.**                                                           **September 11, 2024**

By Memorandum and Order, the Court granted Plaintiff Rashad Bey's motion for leave to proceed *in forma pauperis* and advised him that his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). D. 4. The Court's Memorandum and Order outlined the legal impediments to plaintiff's claims, including the failure to provide a sufficient basis for  subject matter jurisdiction and failure to allege sufficient facts to state a claim for the violation of plaintiff's constitutional rights. <u>Id.</u> Plaintiff was directed to file an amended complaint curing the pleading deficiencies. <u>Id.</u>

In response to the Memorandum and Order, Plaintiff filed an amended complaint. D. 6. The amended complaint recounts, albeit in more detail, his November 17, 2020 arrest by State Trooper Tufts, a second arrest on February 11, 2021 by State Trooper Welby, and proceedings before magistrate Frank in the Woburn District Court. <u>Id.</u> Plaintiff alleges that magistrate Frank "sent [plaintiff] to Billrica (sic) house of correction where [he] spent 30 days at, and then was transferred to Norfolk County house of corrections where [he] spent an additional 60 days [being released on May 12, 2021]. <u>Id.</u> at 3. Plaintiff alleges that the case in Woburn District Court [No.

2055CR001066]  was dismissed in January 2023 due to lack of prosecution because Trooper Tufts failed to appear.  Id.  For relief, plaintiff seeks return of property and monetary damages in the amount of $940,000 "for the 94 days that [plaintiff] was falsely been (sic) held in prison away from [his] family, suffering from depression, anxiety and mental trauma which resulted in [plaintiff] losing [his] job, [his] home and [he] couldn't make it to [his] grandmother's funeral on Feb 12th 2021." Id.

Although the claims in the amended complaint are imprecisely drafted, the Court has attempted to construe these claims liberally, see Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000) (recognizing that "complaints drafted by non-lawyers are to be construed with some liberality").   For the following reasons, the claims against defendants Frank and Welby are dismissed and the claim against defendant Tufts will be permitted to proceed at this time.

As to Tufts, Bey alleges that while driving on a Massachusetts highway the morning of November 17, 2020, Bey was stopped by Tufts.  He alleges defendant Tufts asked for Bey's registration without first telling Bey "the reason why he stopped [Bey] which is a violation of [Bey's] 4th amendment right."  D. 6 at 1.  Bey further alleges that Tufts "proceeded to search [Bey's] car without probable cause or a warrant which continued to violate [his] 4th amendment right." Id. at 2.  Tufts removed from the trunk Bey's "unloaded fire arm that [he] lawfully own[s]." Id.  Bey contends that he was arrested and "was clearly being held to answer for an alleged crime by state trooper Tufts without a presentment or indictment of a grand jury and [he] was deprived of [his] liberty and property without due process of law and still to this day [Bey's] fire arm has not been returned to [Bey] after requesting that it will be returned."  Id.  Tufts charged Bey, held him at the state trooper barracks in Foxboro and told Bey8 that he "can be rele[a]sed with a $25,000 bond which [Bey] contends violates the 8th amendment [prohibition against excessive bail]." Id.

As to Welby, Bey alleges that while travelling on a highway emergency lane with his hazard lights on due to a flat tire on February 11, 2021, Bey was stopped by the trooper. D. 6 at 2. Bey alleges that "Trooper Welby proceeded to ask for a driver's license, registration and insurance without probable cause which violates [Bey's] fourth amendment and fifth amendment [rights] and violated the due process clause." Id. Bey advised Welby that he is "not in possession of a driver's license and that [he is] not driving." Id. Welby arrested Bey after informing him that driving without a license is an arrestable offense. Id. Welby proceeded to search Bey's vehicle. Id. Bey was "released on $40 bail and was told [that he] had to go to Woburn district court the following day." Id. at 3. Although Bey asked to have his court appearance rescheduled due to his grandmother's funeral the following day, Welby and the bail bondsman advised that Bey "couldn't reschedule the court date under any circumstance." Id.

As to defendant magistrate Frank, Bey alleges that he "sided with the district attorney" and sent Bey to the house of correction [for a total of 90 days]." D. 6 at 3. Bey was released on May 12, 2021. Id. In January 2023, case No. 2055CR001066 was dismissed for lack of prosecution "due to State Trooper Timothy Tufts not showing up to court on three separate occasions." Id. On February 10, 2023, Bey filed an affidavit seeking return of his property. Id.

Claims for violations of federal constitutional rights by state actors must be brought under 42 U.S.C. § 1983 ("Section 1983"), which provides a civil cause of action for deprivation of one's civil rights. Section 1983 provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

To the extent Bey seeks damages from defendant Frank, his claims against the magistrate at the Woburn District Court is barred by the doctrine of quasi-judicial immunity. That doctrine

"extends to employees of a court when they perform tasks that are an integral part of the judicial process." Andre v. Moriarty, No. 11-40009-FDS, 2011 WL 1456773, at *7 (D. Mass. Apr. 4, 2011); see Bowen v. Worcester Fam. & Prob. Ct., 2014 WL 5106419, at *2 (D. Mass. Oct. 9, 2014) (dismissing action sua sponte and holding that quasi-judicial immunity attached to probate and family court administrator and other court personnel acting in furtherance of their official duties). Because the claims, even as alleged, against defendant Frank arise out of the performance of his duties, Bey's claim against defendant Frank is dismissed.

To recover for a false arrest claim under Section 1983, a plaintiff must prove that the arresting officer acted without probable cause. Devenpeck v. Alford, 543 U.S. 146, 152 (2004); Holder v. Town of Sandown, 585 F.3d 500, 504 (1st Cir. 2009). To establish that an arrest lacked probable cause, the plaintiff must show that the police officers acted unreasonably in arresting him. Holder, 585 F.3d at 504. "Probable cause requires only a probability that the defendant committed the crime." Id.

Additionally, in Heck v Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." The Court based its decision on the "hoary principle" that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Id. at 486. In determining whether a § 1983 claim is barred under *Heck*, a district court must "consider the relationship between the § 1983 claim and the conviction, including asking whether the plaintiff could prevail only by 'negat[ing] an element of the offense of which he [was] convicted.' " Thore v. Howe, 466

4

F.3d 173, 179 (1st Cir. 2006) (quoting Heck, 512 U.S. at 486 n.6). If a favorable judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence," the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Heck, 512 U.S. at 487.

Here, for Bey to show that either defendant officer acted unreasonably in arresting him, he would have to prove that they had insufficient evidence to support a finding of probable cause. Bey was convicted in one case and the other case was dismissed for lack of prosecution.    Although Bey's false arrest claim against defendant Welby is barred by Heck because it necessarily implies the invalidity of his conviction, the favorable termination rule of Heck does not preclude Bey's claim against defendant Tufts from proceeding at this time because Bey alleges that the criminal prosecution was dismissed and, for the purposes of stating a plausible claim at this juncture, that is sufficient.

For the foregoing reasons, it is hereby ORDERED:

1.      In accordance with the Court's Memorandum and Order, D. 4, and based on the analysis above, the claims against defendants Frank and Welby are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      The Clerk shall issue a summons for service of the amended complaint on defendant Tufts.  Bey is responsible for ensuring that the summons, the amended complaint, and this order are served on defendant Tufts in accordance with Rule 4 of the Federal Rules of Civil Procedure.

3.      Because Bey is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS").  If Bey chooses to have service completed by the USMS, he shall provide the agency with a copy of this order and all documents for service.   The USMS shall then complete service with all costs to be advanced by the United States.

4.      Bey must ensure that service is completed within 90 days from the date of the issuance of the summons.  Failure to complete service in a timely fashion may result in dismissal of the action without further notice to the plaintiff.  <u>See</u> Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

**SO ORDERED.**

<u>/s Denise J. Casper</u>
Denise J. Casper
United States District Judge